UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
TREVOR TUCKER,

                        Plaintiff,

              -against-

THE CITY OF NEW YORK,
DETECTIVE DIMITRIOS ROIDIS (TAX 935638),
DETECTIVE DANIEL CRUZ (TAX 936405), and
JOHN DOES 1-8,

                      Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**COMPLAINT**

**PLAINTIFF DEMANDS A TRIAL BY JURY**

       Plaintiff, Trevor Tucker, by his attorneys, Reibman & Weiner, as and for his Complaint, hereby alleges as follows, upon information and belief:

**PARTIES, VENUE and JURISDICTION**

       1.     At all times hereinafter mentioned, plaintiff, Trevor Tucker, was an adult male resident of Queens County, within the State of New York.

       2.     At all relevant times hereinafter mentioned, defendant, City of New York ("New York City"), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees, and agents, including, but not limited to, the New York City Police Department ("NYPD") and their employees.

       3.     At all relevant times hereinafter mentioned, defendant, DETECTIVE DIMITRIOS ROIDIS (TAX 935638), was an adult male employed as a member of the NYPD by the defendant City of New York and acting under color of law and under color of his authority as an officer, agent, servant and employee of the defendant City of New York.  Upon information

and belief, at all relevant times hereinafter mentioned, Defendant Roidis was assigned to the Queens North Narcotics Division of the NYPD. Defendant Roidis is sued herein in his official and individual capacities.

4.      At all relevant times hereinafter mentioned, defendant, DETECTIVE DANIEL CRUZ (TAX 936405), was an adult male employed as a member of the NYPD by the defendant City of New York and acting under color of law and under color of his authority as an officer, agent, servant and employee of the defendant City of New York.  Upon information and belief, at all relevant times hereinafter mentioned, Defendant Cruz was assigned to the Queens North Narcotics Division of the NYPD.  Defendant Cruz is sued herein in his official and individual capacities

5.      At all relevant times hereinafter mentioned the Doe defendants were members of the NYPD employed by the defendant City of New York and acting under color of law and under color of their authority as officers, agents, servants and employees of the defendant City of New York.  At all times hereinafter mentioned, the Doe defendants were assigned to the Queens North Narcotics Division of the NYPD.  The Doe defendants' identities are currently unknown to the plaintiff.  The Doe defendants are sued herein in their official and individual capacities.

6.      This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. § 1983.

7.      Venue is properly laid, pursuant to 28 U.S.C. Section 1391, et seq., in the Eastern District of New York, where the majority of the actions complained of herein occurred.

2

**RELEVANT FACTS**

8.       On August 27, 2014 (the "Date of the Arrest"), at about 8:30 p.m., plaintiff was lawfully present at the Village Unisex Barber Shop, 205-19 Linden Boulevard, County of Queens, City and State of New York (the "Scene of the Arrest").

9.       Plaintiff works at the Village Unisex Barber Shop where he is a barber. On the Date of the Arrest, at about 8:30 p.m., plaintiff had finished cutting a client's hair and was cleaning up his work station.

10.       Plaintiff was not engaged in any suspicious or illegal activity.

11.       At this time, the individual defendants, dressed in plainclothes, raided the Barber Shop.

12.       Without any legal justification or excuse, the defendants approached plaintiff and told plaintiff to sit down.

13.       Plaintiff was not engaged in any violent or threatening activity, nor did he resist defendants' efforts to seize or arrest him.

14.       The defendants took plaintiff outside, where they handcuffed him and subjected him to excessive force.

15.       Defendants subjected plaintiff to excessive force, in part, by kicking him and placing him in excessively tight handcuffs.

16.       Although there was no legal basis to stop, detain, or seize the plaintiff, defendants formally arrested him.

17.       The decision to arrest plaintiff was objectively unreasonable under the circumstances.

3

18.     Defendants then took plaintiff to a local area precinct where he was held for several hours.  After a number of hours, plaintiff was transferred to Queens Central Booking, where he was held for many more hours before being unconditionally released without seeing a judge.

19.     At no time did there exist any basis to utilize any level of force against the plaintiff, much less the force actually employed, nor could any of the defendants have reasonably believed that such force was necessary.

20.     At no time did defendants take any steps to intervene in, prevent, or otherwise limit the heretofore misconduct engaged in against plaintiff.

21.     The individual defendants intentionally and deliberately gave false statements and/or failed to file accurate or corrective statements, or otherwise failed to report the conduct of the defendants who engaged in the misconduct described herein as required.

22.     That at all times relevant herein, the defendants were on duty and acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

## FIRST CAUSE OF ACTION

23.     Plaintiff repeats each of the foregoing paragraphs as though stated fully herein.

24.     At no time did defendants have any legal basis for arresting, imprisoning or prosecuting plaintiff, commencing criminal process, or using physical force against him, nor

4

was there any reasonable basis to believe said conduct set forth herein was lawful, reasonable, or otherwise appropriate.

25.     Defendants willfully and intentionally seized, searched, detained, and arrested plaintiff without probable cause, and without a reasonable basis to believe such cause existed.

26.     Defendants willfully and intentionally subjected plaintiff to physical force in excess of what was reasonable under the circumstances and caused plaintiff to suffer physical injuries, and did so without a reasonable basis to believe that such conduct was appropriate, reasonable, lawful, or necessary.

27.     By so doing, the individual defendants, individually and collectively, subjected plaintiff to excessive force, false arrest and imprisonment, unlawful searches of person and property, and denial of due process, and thereby violated, conspired to violate, and aided and abetted in the violation of plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

28.     By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of his constitutional rights.

**SECOND CAUSE OF ACTION**.

29.     Plaintiff repeats the allegations contained in each of the foregoing paragraphs as though stated fully herein

30.     Defendant City of New York was responsible for ensuring that reasonable and appropriate levels of supervision were in place within and/or over the NYPD.

31. Defendant had actual or constructive knowledge that there was inadequate supervision over and/or within the NYPD with respect to its members' abuse of their authority, use of excessive force, abuse of arrest powers, and other blatant violations of the United States Constitution and the rules and regulations of the NYPD.  Despite ample notice of inadequate supervision, defendants took no steps to ensure that reasonable and appropriate levels of supervision were put place to reasonably ensure that NYPD members engaged in police conduct in a lawful and proper manner, including their use of their authority as law enforcement officers with respect to the general public, including, and specifically, the plaintiff herein.

32. The defendant City of New York deliberately and intentionally chose not to take action to correct the chronic, systemic, and institutional misuse and abuse of police authority by its NYPD employees, and thereby deliberately and  intentionally adopted, condoned, and otherwise created through deliberate inaction and negligent supervision, an NYPD policy, practice, and custom of utilizing illegal and impermissible searches, arrests, and detentions, and the manufacturing of evidence, in the ordinary course of NYPD business in flagrant disregard of the state and federal constitutions, as well as the Patrol Guide, up to and beyond the plaintiff's arrest.

33. All of the acts and omissions by the individual defendants described above were carried out pursuant to overlapping policies and practices of the municipal defendant in their capacities as police officers and officials pursuant to customs, policies, usages, practices, procedures and rules of the City and the NYPD, all under the supervision of ranking officers of the NYPD.

34.     The aforementioned customs, practices, procedures, and rules of the City

and the NYPD include, but are not limited to, the following unconstitutional practices:

a.     Using excessive force on individuals, including but not limited to those who have already been handcuffed;

b.     Failing to supervise, train, instruct and discipline police officers and encouraging their misconduct;

c.     Discouraging police officers from reporting the corrupt or unlawful acts of other officers;

d.     Retaliating against officers who report police misconduct; and

e.     Failing to intervene to prevent the above-mentioned practices when such intervention is reasonably available.

35.     The existence of aforesaid unconstitutional customs and policies may be

inferred from repeated occurrences of similar wrongful conduct, as documented in the following,

non-exhaustive list of civil actions:

a.     *Thompson v. City of New York,* 10-CV-3603 (ARR) (SMG) (E.D.N.Y.)

b.     *Lotorto v. City of New York,* 10-CV-1223 (ILG) (JMA) (E.D.N.Y.);

c.     *Zabala v. City of New York,* 37711/2010 (Sup. Ct., Kings Co.);

d.     *Ashe v. City of New York,* 09-CV-9696 (GBD) (THK) (S.D.N.Y.);

e.     *Long v. City of New York,* 09-CV-9216 (AKH) (S.D.N.Y.);

f.     *Moise v. City of New York,* 09-CV-9855 (DC) (JLC) (S.D.N.Y.)

g.     *Taylor-Mickens v. City of New York,* 09-CV-7923 (RWS) (SD.N.Y.);

h.     *Carmody* v. *City of New York,* 05-CV-8084 (HB), 2006 U.S. Dist. LEXIS 83207;

i.     *McMillan* v. *City of New York,* 04-CV-3990 (FB) (RML) (E.D.N.Y.);

j.     *Avent* v. *City of New York,* 04-CV-2451 (CBA) (CLP) (E.D.N.Y.):

k.     *Smith* v. *City of New York,* 04-CV-1045 (RRM) (JMA) (E.D.N.Y.);

l.     *Powers* v. *City of New York,* 04-CV-2246 (NGG) (E.D.N.Y.);

m.    *Dotson* v. *City of New York,* 03-CV-2136 (RMB) (S.D.N.Y.);

n.     *Nonnemann* v. *City of New York,* 02-CV-I0131 (JSR) (AJP) (S.D.N.Y.);

o.     *Richardson* v. *City of New York,* 02-CV-3651 (JG) (CLP) (E.D.N.Y.);

p.     *Barry* v. *New York City Police Department,* 01-CV-10627 (CBM) (S.D.N.Y.);

q.     *Walton v. Safir,* 99-CV-4430 (AKH) (S.D.N.Y.);

r.     *White-Ruiz v. The City of New York,* 93-CV-7233 (DLC) (MHD) (S.D.N.Y.);

s.     *Ariza v. City of New York,* 93-CV-5287 (CPS) (E.D.N.Y.);

36.    In an Order dated November 25, 2009, in *Colon v. City of New York,* 09-CV-0008 (E.D.N.Y.), the Hon. Jack B. Weinstein stated:

> Informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. Despite numerous inquiries by commissions and strong reported efforts by the present administration -- through selection of candidates for the police force stressing academic and other qualifications, serious training to avoid constitutional violations, and strong disciplinary action within the department -- there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged.

37.    Furthermore, more than half the time that the Civilian Complaint Review Board refers substantiated complaints against officers to the NYPD for disciplinary action, the NYPD either simply issues a verbal warning or drops the charges altogether.

38.    It is therefore clear that the municipal defendant has not only tolerated, but actively fostered a lawless atmosphere within the NYPD and that the City of New York was deliberately indifferent to the risk that the inadequate level of supervision would lead to the

violation of individuals' constitutional rights in general, and caused the violation of plaintiff's rights in particular.

39.     By reason thereof, defendant has violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of his constitutional rights.

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

WHEREFORE, the plaintiff demands judgment against defendants jointly and severally as follows:

i.     On the First Cause of Action, damages in a substantial sum of money against the individual defendants in an amount to be determined at trial;

ii.    On the First Cause of Action, punitive damages in a substantial sum of money against the individual defendants in an amount to be determined at trial;

iii.   On the Second Cause of Action, damages in a substantial sum of money against City of New York in an amount to be determined at trial;

iv.    Statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988 and New York common law, as well as disbursements, and costs of this action; and

v.     such other relief as the Court deems just and proper.

Dated: Brooklyn, New York
        March 22, 2016

By:        /s/                
          James Sanborn (JS-5949)
          Reibman & Weiner
          *Attorneys for Plaintiff*
          26 Court Street, Suite 1808
          Brooklyn, New York 11242
          Tel. (718) 522-1743